1
2
3
4
5
6
7
8
9
10
11
12
13

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Amir Shihab Bey-Johnson,                    )        Case No. CV 04-2816-PCT-DGC (JM)
                                            )
          Petitioner,                       )        **REPORT AND RECOMMENDATION**
                                            )
v.                                          )
                                            )
Arizona Attorney General, et al.,           )
                                            )
          Respondents.                      )
_____)

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner is proceeding pro per se with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2003 convictions on one count of transportation of a narcotic drug for sale, and one count of possession of drug paraphernalia. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss Ground I (unconstitutional search and seizure) because a federal court cannot grant habeas relief on this claim; dismiss Ground II (insufficient evidence) on the merits; and dismiss Ground III (ineffective assistance of counsel) due to procedural default.

1   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

2       On August 20, 2002, an Arizona Department of Public Safety officer stopped

3   Petitioner, who had been driving east on Interstate 40 near Kingman, Arizona. (Ex. H at 10.)[1]

4   Petitioner's car changed lanes while dangerously close to other vehicles. (*Id.* at 11.) A video

5   camera in the officer's car recorded the traffic stop. (*Id.* at 12-13.) The officer questioned

6   Petitioner while waiting for a check of Petitioner's driver's license. (Ex. D  at 14-17.)

7   Petitioner drove a rental car. (Ex. D at 17.) A third party rented the car for a one-way trip

8   from Los Angeles to Philadelphia. (*Id.* at 17-18.) Petitioner said he was traveling to

9   Oklahoma, St. Louis and Philadelphia. (*Id.* at 43.)  Petitioner said he was a schoolteacher;

10  the officer found this unusual because the stop occurred in late August, when many teachers

11  start work for a new school year. (*Id.* at 42, 19.) The officer asked Petitioner about illegal

12  drugs, and the Petitioner "broke eye contact" and looked down, which suggested deceptive

13  behavior, according to the officer's training and expertise. (*Id.* at 19-20.)

14      The officer returned Petitioner's rental agreement and driver's license, and the officer

15  asked to search Petitioner's car. (*Id*. at 20.) The officer asked, "do you mind if I search your

16  car." (*Id*. at 31.)  Petitioner answered "yes." (*Id.* at 45.)  The Petitioner later gave verbal

17  consent to search. (*Id.*)   Petitioner testified that the officer grimaced, lunged at Petitioner,

18  and reached for his gun, then Petitioner consented. (*Id.*)  However, the trial court said that

19  if the officer made any of these actions, they could not be seen on videotape. (*Id.* at 61-62.)

20      The officer found cocaine in the trunk of the car. (Ex. H at 15, 44.) On August 29,

21  2002, Petitioner was charged by indictment with one count of transportation of a narcotic

22  drug for sale, a class 2 felony; and one count of possession of drug paraphernalia, a class 6

23  felony. (Ex. K.) On October 8, 2002, Petitioner filed a motion to suppress evidence, claiming

24  that he had been detained and searched in violation of the United States and Arizona

25  Constitutions. (Ex. O.) The trial court denied the motion to suppress. (Ex. D at 63.)

26

27      [1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's

28  Answer to the Petition.

1    According to the Arizona Court of Appeals, testimony at trial never established the

2  exact amount of cocaine that the officer found. "[T]rial court believed that the DPS officer

3  testified that the cocaine weighed 2.2 pounds, or approximately one kilogram. Such is not

4  entirely correct. . . . Neither of the state's witnesses actually testified at trial how much the

5  cocaine weighed . . . Regardless, the trial court was convinced beyond a reasonable doubt

6  that the cocaine weighed more than nine grams," which is the statutory threshold amount (Ex.

7  Z at 16-17.) At the conclusion of testimony at trial, Petitioner moved to dismiss the case,

8  citing a lack of evidence. (Ex. H, p. 53.) The court denied the motion. (Ex. H, p. 54-55.)  A

9  jury found Petitioner guilty of both charges. (Ex. S, Ex. T.)  On February 19, 2003, the court

10  sentenced Petitioner to four years in prison for transportation of cocaine for sale, along with

11  a concurrent sentence of 183 days for possession of drug paraphernalia. (Ex. I at 12.)

12    Petitioner timely appealed his conviction, contending (1) evidence from the search

13  should have been suppressed because the officer failed to obtain valid consent; (2) even if

14  valid, the evidence did not support a conviction for transportation of cocaine for sale; (3) the

15  court erred by not instructing the jury on the lesser included offense of possession of cocaine;

16  and (4) evidence was insufficient to support the fine or a finding that the volume of cocaine

17  seized exceeded the statutory threshold. (Ex. V.) On April 15, 2004, the Arizona Court of

18  Appeals in a memorandum decision affirmed the convictions. (Ex. Z.)

19    On May 26, 2004, and again on June 21, 2004, the Court of Appeals granted

20  Petitioner's motions to extend time to file a petition for review by the Supreme Court of

21  Arizona. (Ex. DD.)  The July 21 filing deadline passed without a petition or motion to extend

22  time, and on July 22, 2004, the Court of Appeals entered an order and mandate. (Ex. BB.)

23  Also on July 22, Petitioner filed a petition for review. (Ex. DD.)  On July 26, the Court of

24  Appeals entered an order to strike the petition for review because it was untimely. (*Id.*)

25  Petitioner moved for reconsideration. (Ex. EE)  The Court of Appeals denied the motion.

26  (Ex. FF.)  Petitioner moved to request timely filing of petition for review pursuant to inmate

27  filing, which the Court of Appeals denied on Oct. 29, 2004. (Ex. GG, Ex. HH.)

28    On Dec. 8, 2004, Petitioner filed a habeas corpus petition. (*Docket No. 1*).  On Jan.

6, 2005, the Court dismissed the petition without prejudice with leave to amend. *(Docket No. 3)*. On Jan. 27, 2005, Petitioner filed an amended petition, claiming three grounds for relief: (1) he was seized and searched in violation of the United States Constitution; (2) the evidence did not support a conviction for transportation of cocaine for sale; and (3) ineffective assistance of counsel. (*Docket No. 4*).

## II.   TIMELINESS UNDER AEDPA

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2000). The petition must be filed within the applicable statute of limitations or it will be dismissed. The statute of limitations was created by the Antiterrorism and Effective Death Penalty Act (AEDPA), which reads in pertinent part as follows:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)(A) & (d)(2) (2000).

Petitioner's convictions became final on July 22, 2004, when the Court of Appeals entered an order and mandate. (Ex. BB.) Accordingly, Petitioner had one year from July 22, 2004, within which to timely file his federal Petition for Writ of Habeas Corpus. The amended petition was filed on Jan. 27, 2005, and is therefore timely.

. . . .

. . . .

. . . .

1   **III.**   **EXHAUSTION**

2       **A.**   **Ground I: unreasonable search and seizure**

3       A state prisoner must exhaust available state remedies before a federal court may

4   consider the merits of his habeas corpus petition.   *See* 28 U.S.C. § 2254(b)(1)(A) (2000 &

5   Supp. 2003); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir. 1999). However, a federal court

6   does not need to reach the question of exhaustion in order to dispose of a habeas claim of a

7   Fourth Amendment violation. *See Stone v. Powell*, 428 U.S. 465, 482 (1976).

8       When a state provides a state prisoner with an opportunity for full and fair litigation

9   of a Fourth Amendment claim, a federal court may not grant federal habeas relief on the

10  Fourth Amendment claim. *Stone*, 428 U.S. at 482; *Moormann v. Schriro*, 426 F.3d 1044,

11  1053 (9th Cir. 2005). After full and fair litigation in state court, a Fourth Amendment claim

12  ceases to be a cognizable claim for federal habeas relief. *Ortiz-Sandoval v. Gomez*, 81 F.3d

13  891, 899 (9th Cir. 1996);  *see also Woolery v. Arave,*  8 F.3d 1325, 1327 (9th Cir. 1993). An

14  opportunity for full and fair litigation may occur even when a claim was incorrectly decided.

15  *Ortiz-Sandoval*, 81 F.3d at 899.

16      Here, Petitioner received a full and fair opportunity to litigate his Fourth Amendment

17  claims. Petitioner raised identical Fourth Amendment issues in detail in a pre-trial motion,

18  and the trial court held a hearing that allowed Petitioner to present evidence and examine

19  witnesses. (Ex. D.) On appeal to the Arizona Court of Appeals, Petitioner's brief devoted at

20  least 14 pages to Fourth Amendment issues. (Ex. V.) The Court of Appeals reviewed the

21  decision of the trial court and issued a 19-page memorandum decision in which it carefully

22  considered and squarely rejected Petitioner's arguments. (Ex. Z.) *Cf. Abell v. Raines,* 640

23  F.2d 1085, 1088 (9th Cir.1981) (Arizona prisoner received full and fair opportunity when he

24  briefed and argued Fourth Amendment claims in the state trial court, then submitted a

25  substantial brief at the Arizona Court of Appeals, and both courts carefully considered and

26  rejected the claims). At trial and on appeal, Petitioner received a full and fair opportunity to

27  litigate his claim, regardless of whether he believes the claim was correctly decided. As a

28  result, a federal habeas court cannot grant relief on Ground I, and this court does not need

1    to reach the question of whether Petitioner exhausted available state remedies on Ground I.

2    **B.    Ground II: Sufficiency of the evidence**

3    Respondents first argue that Petitioner's second claim – that the evidence did not

4    support a conviction for transportation of cocaine for sale – cannot be subject to habeas

5    review by this Court because it is a question of state law, and habeas relief lies only for

6    violations of the federal constitution and laws. 28 U.S.C. § 2254(a) (2000 & Supp. 2003). It

7    is not the role of a federal habeas court to reexamine state-court determinations on state-law

8    questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In habeas review, a federal court

9    is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

10   United States. *Id.*; 28 U.S.C. § 2241 (2000). Thus, federal habeas courts lack jurisdiction to

11   review state-court determinations on state-law questions. *Estelle*, 502 U.S. at 67-68 (1991);

12   *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for

13   errors of state law").

14   However, a petitioner makes a federal constitutional claim when he alleges that his

15   state conviction arises from evidence that cannot be fairly characterized as sufficient to lead

16   a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

17   307, 321 (1979). Without proof beyond a reasonable doubt, a state conviction violates the

18   due process clause of the Fourteenth Amendment and entitles a petitioner to habeas relief.

19   *Id* at 317-318.

20   Here, Petitioner alleges that the jury in his case didn't hear any evidence as to the

21   amount of cocaine found, and that  "the mere amount of drugs are insufficient enough to

22   prove that the drugs were transported or possessed for sale." (*Docket No. 4* at 6.) In effect,

23   Petitioner argues that his conviction is not supported by sufficient evidence. He even defines

24   "substantial evidence" as "such evidence that reasonable persons could accept as adequate

25   and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.*

26   Petitioner cites no case law, but the wording that he cites comes directly from *State v. Jones*,

27   125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). *Jones* and the substantial evidence standard of

28   review remain Arizona law for determining sufficiency of evidence. Thus by facts and

- 6 -

allusion to case law, Petitioner adequately alleges that his conviction arose from evidence that failed to meet Arizona's legal standard for proof. Accordingly, Ground II is eligible for federal habeas review.

Next, Respondents argue that a federal habeas court cannot consider the merits of Petitioner's sufficiency of evidence claim because Petitioner failed to exhaust his claim and procedurally defaulted. (*Docket No. 14* at 11). A state prisoner must exhaust available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) (West 1994 & Supp. 2003); *Galaza,* 183 F.3d at 1004. Exhaustion occurs either when a claim has been fairly presented to the highest state court (*Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982)) or when a claim has been procedurally defaulted and no state remedies remain available (*Reed v. Ross*, 468 U.S. 1, 11 (1984)). However, unlike a claim fairly presented to the highest state court, a procedurally defaulted claim will not be eligible for federal habeas relief. *Id.*

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). In *Swoopes*, the Ninth Circuit held that, in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes*, 196 F.3d at 1010. Respondents contend that *Swoopes* was incorrectly decided and has been implicitly overruled by more recent case law.    In support, Respondents cite *Baldwin v. Reese*, 541 U.S. 27 (2004), where the Supreme Court addressed the question of what constitutes notice of the federal nature of a claim sufficient to satisfy the requirement that a petitioner "fairly present" the claim. In laying the groundwork for its decision, the Supreme Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." 541 U.S. at 29

1  (citations omitted). Respondents seize on this general statement of the law of exhaustion and

2  assert that it supports a holding that *Swoopes*, at least insofar as it addresses the need for

3  habeas petitioners to seek review in the highest state court, is no longer valid. However, an

4  examination of the rationale in the *Swoopes* decision readily distinguishes that case from the

5  general statements of law cited by the Respondents.

6          *Swoopes* was decided on remand to the Ninth Circuit for consideration in light of the

7  Supreme Court's decision in the *O'Sullivan* case. In *Swoopes*, the Ninth Circuit, just like the

8  *Baldwin* and *Peterson* courts did, began by reiterating the general rule stated in *O'Sullivan*

9  that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners

10 must file for discretionary review in a state supreme court when that review is part of

11 ordinary appellate review." *Swoopes*, 196 F.3d at 1009, citing *O'Sullivan*, 526 U.S. at 845.

12 The *Swoopes* court recognized, however, that the Supreme Court in *O'Sullivan*

13 "acknowledged an exception to the exhaustion requirement," by making it clear the "'the

14 creation of a discretionary review system does not, *without more*, make review' in a state

15 supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009, quoting *O'Sullivan*, 526 U.S. at

16 845. (emphasis added in *Swoopes*). The Ninth Circuit proceeded to review Arizona's

17 discretionary review system and found considerations that compelled a finding that, in other

18 than capital cases, appeal to the Arizona Supreme Court was unnecessary. Specifically, the

19 court found that two Arizona cases, *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984),

20 and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), made it clear that, "in cases not

21 carrying a life sentence or the death penalty, review need not be sought before the Arizona

22 Supreme Court in order to exhaust state remedies." *Swoopes*, 196 Ariz. at 1010. Thus, the

23 *Swoopes* court concluded, "post-conviction review before the Arizona Supreme Court is a

24 remedy that is 'unavailable' within the meaning of *O'Sullivan*. *Id.* Nothing in *Baldwin*

25 suggests, implicitly or explicitly, that this analysis is flawed or that holding has been

26 overruled.

27         Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth Circuit

28 continues to cite the case for the very proposition Respondents suggest was overruled. In

1     *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated as a matter of fact that

2     "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners

3     are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled

4     on them.'" *Id.* at 998 n. 3, quoting *Swoopes*, 196 Ariz. at 1010. Furthermore, at least one other

5     circuit has cited *Swoopes* for this proposition without questioning its continued validity. *See*

6     *Lambert v. Blackwell,* 387 F.3d 210 (3rd Cir. 2004). These considerations make clear that

7     Respondents advance an incorrect argument about the reliability of the holding in *Swoopes*.

8     Petitioner satisfied the exhaustion requirement of presenting Ground II to the highest state

9     court when he appealed the trial court's adverse ruling to the Arizona Court of Appeals.

10         Respondents also claim that Petitioner's sufficiency of evidence claim has not been

11     exhausted because he failed to "fairly present" the claim in state court. (*Docket No. 14* at 11.)

12     Exhaustion requires that the substance of the federal claim was fairly presented to the state

13     court. *Picard*, 404 U.S. 270, 278 (1971). A claim has been "fairly presented" if the petitioner

14     has described the operative facts and legal theories on which the claim is based. *Id.* at 277-

15     278; *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). Fair presentation does not require

16     exact correlation between claims in state and federal court. *Rice,* 44 F.3d at 1403.

17         A state prisoner has not fairly presented federal claims in state court unless he

18     specifically indicated to that court that the claims were based on federal law. *See, e.g., Lyons*

19     *v. Crawford,* 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001)

20     (general reference to insufficiency of evidence, right to be tried by impartial jury and

21     ineffective assistance of counsel lacked the specificity and explicitness required to present

22     federal claim); *Shumway v. Payne,* 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to

23     "due process" insufficient to present federal claim); *see also Hiivala v. Wood,* 195 F.3d 1098,

24     1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is

25     insufficient to establish exhaustion.").

26         A petitioner must make the federal basis of a claim explicit by citing specific

27     provisions of federal statutory or case law, even if the federal basis of a claim is "self-

28     evident," *Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that

1   explicitly analyze the same federal constitutional claim, *Peterson v. Lampert,* 319 F.3d 1153,

2   1158 (9th Cir. 2003) (en banc); *Castillo v. McFadden,* 399 F.3d 993, 1002-03 (9th Cir.2005).

3   ("Exhaustion demands more than drive-by citation, detached from any articulation of an

4   underlying federal theory").

5          Besides citing relevant statutory or case law, Petitioner must describe "both the

6   operative facts and the federal legal theory on which his claim is based" so that the state

7   courts have a fair opportunity to apply controlling legal principles to those facts. *Kelly v.*

8   *Small*, 315 F.3d 1063, 1066 (9th Cir.2003). The operative facts must be presented in the

9   appropriate context to satisfy the exhaustion requirement. The fair presentation requirement

10  is not satisfied, for example, when a claim is presented in state court in a procedural context

11  in which its merits will not be considered in the absence of special circumstances. *Castille*

12  *v. Peoples*, 489 U.S. 346, 351 (1989).

13         Here, Respondent argues that Petitioner did not "fairly present" his insufficiency of

14  the evidence claim to the Arizona Court of Appeals because he did not claim "a violation of

15  any federal constitutional right." (*Docket No. 14* at 16). Respondent is mistaken. In his

16  petition to the Arizona Court of Appeals, Petitioner specifically stated that he claimed a

17  conviction upon insufficient evidence violated his rights under the Sixth and Fourteenth

18  amendments. (Ex. V, p. 22) Petitioner made the basis of the claim explicit by citing three

19  federal cases that all analyze the same constitutional claim. (Ex. V, p. 21-22).

20         Petitioner also stated operative facts and a federal legal theory for his claim. (Ex. V.,

21  p. 16-18) He asserted that the "Sixth and Fourteenth Amendment constitutional right to due

22  process protects an accused against conviction except upon proof beyond a reasonable doubt

23  of every fact and element necessary to constitute the crime with which his [sic] is charged."

24  (Ex. V, p. 22.) Moreover, Petitioner cited *In re Winship*, 397 U.S. 358, 364 (1970). *Winship*,

25  which states that the Fourteenth Amendment's due process clause requires a conviction to

26  be supported by proof beyond a reasonable doubt of every fact essential to a crime, tush

27  providing a federal legal theory to support Petitioner's claim. Petitioner fairly presented his

28  federal claim for insufficiency of evidence to the Arizona Court of Appeals. As a result, he

1   meets the exhaustion requirements for Ground II.

2   **C.    Ground III: Ineffective Assistance of Counsel**

3   Petitioner claims he received ineffective assistance from trial counsel and appellate

4   counsel. The Sixth Amendment of the United States Constitution guarantees a criminal

5   defendant the right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S.

6   668, 686 (1984). The claim of ineffective assistance of trial counsel will be considered first,

7   followed by the claim of ineffective assistance of appellate counsel.

8   **1.    Trial counsel**

9   Exhaustion occurs either when a claim has been fairly presented to the highest state

10   court (*Cupp*, 693 F.2d at 869) or when a claim has been procedurally defaulted and no state

11   remedies remain available (*Reed*, 468 U.S. at 11). However, unlike a claim fairly presented

12   to the highest state court, a procedurally defaulted claim will not be eligible for federal

13   habeas relief. *Id.*

14   A claim has been "fairly presented" if the petitioner has described the operative facts

15   and legal theories on which the claim is based. *Picard v. Connor*, 404 U.S. 270, 277-278

16   (1971). If a claim has not been fairly presented to the state court, a federal habeas court may

17   determine whether state remedies remain available.  *See Harris v. Reed*, 489 U.S. 255, 269-

18   270 (1989) (O'Connor, J., concurring). To determine whether state remedies remain

19   available, the court looks at the time of filing of the federal habeas petition. *Engle v. Isaac*,

20   456 U.S. 107, 125 n. 28 (1982).  If, at the time of filing, no state remedies remain available,

21   and a petitioner failed to fairly present a claim in a procedurally appropriate manner to the

22   state's highest court, the petitioner has technically exhausted the claim by procedural default.

23   *Swoopes*, 196 F.3d at 1010.

24   Petitioner in his appeal to the Arizona Court of Appeals did not brief or argue the

25   issue of ineffective assistance of trial counsel.(Ex. V.) As a result, Petitioner failed to fairly

26   present this issue to the state court. Since the claim has not been fairly presented, a federal

27   habeas court may determine whether state remedies remained available when Petitioner filed

28   his amended petition on January 27, 2005.

Arizona law makes available the remedy of post-conviction relief to anyone who claims his or her conviction violated the United States Constitution. Ariz. R. Crim. P. 32.1(a). A petitioner who claims ineffective assistance of counsel at trial will be eligible for post-conviction relief irrespective of whether the issue has been raised on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002). However, the petitioner must file a notice of post-conviction relief within 30 days after issuance of the order and mandate in the direct appeal. Ariz. R. Crim. P. 32.4(a) A petitioner who fails to file within 30 days may no longer seek post-conviction relief for a claim on ineffective assistance of trial counsel. *Id.*

In Petitioner's case, the Arizona Court issued an order and mandate on July 22, 2004. Because Petitioner filed no notice of post-conviction relief within 30 days, post-conviction relief under Arizona law became unavailable to Petitioner after August 21, 2004. Therefore when he filed his amended federal habeas petition on January 27, 2005, no state remedies remained available. When, at the time of federal habeas filing, no state remedies remained available, and a petitioner failed to fairly present a claim to the state's highest court, the petitioner technically exhausted the claim by procedural default. *Swoopes*, 196 F.3d at 1010. That is the case here.

As Petitioner's due process claim of ineffective assistance of trial counsel has been procedurally defaulted, federal court review is barred absent (1) legitimate cause for the default and actual prejudice attributable to it, or (2) showing that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992). "Cause" is a legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). To show cause, a petitioner must ordinarily demonstrate that "some factor external to the defense" impeded efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas*, 945 F.2d at 1123. The fundamental miscarriage of justice exception is only available "where the petitioner supplements his constitutional claim with a colorable showing of factual

innocence." *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9ᵗʰ Cir. 1995) (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Petitioner has not argued factual innocence, so he must establish cause and prejudice.

Petitioner alleges that a legitimate cause for the default exists because he did not receive notice of the order and mandate until after the deadline had passed for timely filing for post-conviction relief. The Arizona Court of Appealed entered the order and mandate on July 22, 2004. From that date, Petitioner had 30 days to file a notice of post-conviction relief. ARIZ. R. CRIM. P. 32.4(a). However, Petitioner claims he did not receive notice of the order and mandate until November 3, 2004. *Docket No. 4* at 7. By then, the 30-day filing deadline had passed.

Petitioner's argument is without merit. Even if Petitioner did not receive the order and mandate before the 30-day filing deadline elapsed, this did not prevent him from seeking post-conviction relief. Petitioner did not need the order and mandate in order to request post-conviction relief. Petitioner had the right to seek post-conviction relief as soon as he was sentenced by the trial court. *State v. Jones*, 182 Ariz. 432, 433-434, 897 P.2d 734, 735-736 (Ariz. Ct. App. 1995); ARIZ. R. CRIM. P. 32.4(a).While his appeal was pending, Petitioner continued to have the right to request post-conviction relief. *Id.* Regardless of whether he received the order and mandate late, Petitioner had 16 months during which to file for post-conviction relief. This gave him ample time during which to request post-conviction relief, so receiving the order and mandate late did not provide a legitimate cause for Petitioner's default.

Furthermore, the decision of the Court of Appeals had no bearing upon Petitioner's claim of ineffective assistance of trial counsel. Petitioner did not need to wait for a decision from the Court of Appeals because his direct appeal did not raise the issue of ineffective assistance of counsel. Even if he had raised the issue, claims of ineffective assistance of trial counsel will not be heard by the Arizona Court of Appeals. *Spreitz*, 202 Ariz. at 3, 39 P.3d at 527. These claims only may be raised in a petition for post-conviction relief. *Id.* Because

a post-conviction petition offered the only relief for this claim, Petitioner did not need to wait for the decision of the Court of Appeals before seeking relief. Accordingly, late receipt of the order and mandate did not provide a legitimate cause for Petitioner's failure to file for post-conviction relief. Because Petitioner cannot show cause, this court does not need to consider whether prejudice occurred. *See, e.g.*, *Smith v. Idaho*, 392 F.3d 350, 358 & n.9 (9th Cir. 2004). Petitioner cannot show cause and prejudice, so federal review of his claim of ineffective assistance of trial counsel is barred.

### 2.    Appellate counsel

Petitioner also claims he received ineffective assistance of counsel in his direct appeal to the Arizona Court of Appeals. (*Docket No. 4* at 7). He states that appellate counsel did not properly brief and argue the issue of whether evidence should be suppressed because the DPS officer lacked probable cause to search his car. The Arizona Court of Appeals declined to consider the issue of probable cause. (Ex. Z, p. 5). The court said that Petitioner's brief made only a cursory mention of the issue, and failed to provide a pinpoint citation to relevant case law. *Id.* Because Petitioner did not properly brief and argue probable cause, the court said, Arizona law considered the issue abandoned and waived. *Id*. at 6.

Petitioner did not fairly present this claim to any state court. Since the claim has not been fairly presented, a federal habeas court may determine whether state remedies remain available. To do so, a federal habeas court looks at the remedies available when Petitioner filed his amended petition on Jan. 27, 2005.

A petitioner who claims ineffective assistance of appellate counsel will be eligible for post-conviction relief in Arizona. *State v. Herrera*, 183 Ariz. 642, 646, 905 P.2d 1377, 1381 (Ariz. Ct. App. 1995). However, the petitioner must file a notice of post-conviction relief within 30 days after issuance of the order and mandate in the direct appeal. ARIZ. R. CRIM. P. 32.4(a). A petitioner who fails to file within 30 days may no longer seek post-conviction relief for a claim of ineffective assistance of counsel. *Id.* When, at the time of federal habeas filing, no state remedies remained available, and a petitioner failed to fairly present a claim

to the state's highest court, the petitioner technically exhausted the claim by procedural default. *Swoopes*, 196 F.3d at 1010.

In Petitioner's case, the Arizona Court of Appeals issued an order and mandate on July 22, 2004. Because Petitioner filed no notice of post-conviction relief within 30 days, post-conviction relief under Arizona law became unavailable to Petitioner after August 21, 2004. Therefore when he filed his amended federal habeas petition on January 27, 2005, no state remedies remained available. Therefore the Petitioner technically exhausted the claim by procedural default. As a result, Petitioner's claim of ineffective assistance of appellate counsel has been procedurally defaulted.

As Petitioner's due process claim of ineffective assistance of appellate counsel has been procedurally defaulted, federal habeas review is barred absent (1) legitimate cause for the default and actual prejudice attributable to it, or (2) showing that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Sawyer*, 505 U.S. at 338-339. Petitioner has not argued factual innocence, so he must establish cause and prejudice.  To show cause, a petitioner must ordinarily demonstrate that "some factor external to the defense" impeded efforts to raise the claim in state court.  *Murray*, 477 U.S. at 488. The court may consider any "objective factor" that "cannot fairly be attributed" to the petitioner. *Manning v. Foster,* 224 F.3d 1129, 1134 (9th Cir. 2000).

Petitioner alleges that a legitimate cause for the default exists because he did not receive notice of the order and mandate until after the deadline had passed for timely filing for post-conviction relief. The Arizona Court of Appealed entered the order and mandate on July 22, 2004. From that date, Petitioner had 30 days to file a notice of post-conviction relief. ARIZ. R. CRIM. P. 32.4(a). However, Petitioner claims he did not receive notice of the order and mandate until November 3, 2004. (*Petition*, p. 7.) By then, the 30-day filing deadline had passed. Petitioner could not raise the issue of ineffective assistance of appellate counsel until the Court of Appeals informed him that his appeal had failed. Therefore, late receipt of the order and mandate provided an objective factor, not attributable to Petitioner, that impeded

his filing of post-conviction relief. Consequently, Petitioner can show legitimate cause for failure to file for post-conviction relief for ineffective assistance of appellate counsel.

Despite the showing of cause, Petitioner's claim remains barred from federal review unless he also can show prejudice. "Prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas*, 945 F.2d at 1123. Prejudice will be presumed where a petitioner can show that "but for" an attorney's errors, the petitioner would have filed an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000). However, Petitioner cannot show he suffered actual because his claim of ineffective assistance of appellate counsel would have failed on the merits.

Petitioner claims that appellate counsel failed to fully brief and argue the issue of probable cause with regard to the search of his vehicle. (*Docket No. 4*). However, even if counsel had argued the issue of probable cause, this would have not affected the outcome of Petitioner's appeal. The Arizona Court of Appeals held that Petitioner gave valid consent to search. (*Ex Z.* at 6.) Under clearly established United States Supreme Court law, valid consent eliminates any need for probable cause to search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). As a result, even if the Arizona Court of Appeals had held that no probable cause existed, the search of the vehicle would remain valid, because Petitioner validly consented to the search. Because the search of the vehicle would remain valid regardless of probable cause, the failure to argue a lack of probable cause did not change the outcome of Petitioner's appeal.

**IV.   MERITS – GROUND II – SUFFICIENCY OF THE EVIDENCE**

Having found that Petitioner exhausted the claim in Ground II, the court will address the merits of this claim.

Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d) (2000). *See Williams v. Taylor*, 529 U.S. 362 (2000). A state court's decision can be "contrary to" federal law if either (1) it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Bruce v. Terhune*, 376 F.3d 950, 953 (9th Cir. 2004). Here, clearly established Supreme Court case law provides controlling authority. A claim of insufficient evidence will not succeed on appeal if, after viewing the evidence in the light most favorable to the prosecution, *"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."* *Jackson*, 443 U.S. at 319 (italics in original.)

In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). In this case, the Arizona Court of Appeals held that, "based on the evidence introduced at trial, the jury reasonably could find that defendant transported the cocaine for sale." (Ex. Z, p. 11.)  This holding did not run contrary to clearly established federal law. Viewing the evidence in the light most favorable to the prosecution, the Court of Appeals held that a rational trier of fact – the jury – could have found the essential elements of the crime beyond a reasonable doubt. (Ex. Z, p. 8-9). Thus the Court of Appeals correctly applied controlling federal law and did not run contrary to federal law.

Because the state court applied correct controlling authority, the decision of the Arizona Court of Appeals only runs contrary to established United States Supreme Court precedent if the state court decided this case differently than the Supreme Court decided a case on a materially indistinguishable set of facts. Since this court has found no United States Supreme Court case that presented a materially indistinguishable set of facts and was decided differently, the decision in this case by the Court of Appeals is not contrary to clearly established Supreme Court precedent. Federal habeas relief cannot be granted on these

grounds.

Even if the Arizona Court of Appeals did not decide the case contrary to clearly established federal law, a federal court may grant habeas relief if the state decision was an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1) (2000). To be an unreasonable application of federal law, the Arizona Court of Appeals must have made an "objectively unreasonable" application of *Jackson*. *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007); *see also Smith v. Mitchell,* 437 F.3d 884, 889 (9th Cir. 2006) ("Our task under AEDPA ... is to determine whether the decision of the [state court], holding that the evidence was sufficient to convict [the defendant], was an unreasonable application of *Jackson*.") This analysis imposes a "highly deferential" evaluation of state-court rulings that demands that state courts receive the benefit of the doubt. *Sarausad*, 479 F.3d at 677.

The First Circuit developed guidelines for when a state court makes an "objectively unreasonable" application of *Jackson*. *Hurtado v. Tucker,* 245 F.3d 7, 18 (1st Cir. 2001) The Ninth Circuit has called the First Circuit's guidelines "useful." *Sarausad*, 479 F.3d at 678. The *Jackson* guidelines read as follows:

> (1) The focus of the inquiry is on the state court decision;
>
> (2) Even with the deference due by statute to the state court's determinations, the federal habeas court must look to the "totality of the evidence" in evaluating the state court's decision;
>
> (3) The failure of the state court to consider at all a key argument of the defendant may indicate that its conclusion is objectively unreasonable; however, the paucity of reasoning employed by the state court does not itself establish that its result is objectively unreasonable;
>
> (4) The failure of a state court to give appropriate weight to all of the evidence may mean that its conclusion is objectively unreasonable; and
>
> (5) The absence of cases of conviction precisely parallel on their facts does not, by itself, establish objective unreasonableness.

*Hurtado,* 245 F.3d at 18.

The *Jackson* standard "must be applied with explicit reference to the substantive

elements of the criminal offense as defined by state law." *Sarausad*, 479 F.3d at 678. Circumstantial evidence and inferences drawn from the record may be enough to sustain a conviction. *Walters v. Maass,* 45 F.3d 1355, 1358 (9th Cir. 1995). The prosecution need not affirmatively "rule out every hypothesis except that of guilt." *Wright v. West,* 505 U.S. 277, 296 (1992). However, mere suspicion or speculation cannot be the basis for creation of logical inferences. *U.S. v. Lewis*, 787 F.2d 1318, 1323 (9th Cir. 1986). Federal habeas courts must give "near-total" deference to a jury's determinations, and presume that the jury resolved any evidentiary conflicts in favor of the prosecution. *Terhune*, 376 F.3d at 957.

To be convicted in Arizona of transportation of cocaine for sale, a person must: knowingly transport cocaine for sale; or knowingly import cocaine into Arizona; or knowingly sell or transfer cocaine; or offer to transport, import, sell, or transfer cocaine. *State v. Cabanas-Salgado*, 208 Ariz. 195, 197, 92 P.3d 421, 423 (Ariz. Ct. App. 2003); ARIZ. REV. STAT. ANN. §13-3408(A)(7) (2007). The State does not need to prove the person knew the amount of cocaine being transported. *Cabanas-Salgado*, 208 Ariz. at 197. However, a felony charge of transportation of cocaine for sale requires the State to show the crime involved at least nine grams. ARIZ. REV. STAT. ANN. § 13-3401(36)(b) (2007).

Petitioner challenges the sufficiency of evidence of two essential elements of the crime: (1) whether the amount of cocaine exceeded the threshold amount of nine grams; and (2) whether the cocaine was being transported for sale.

In affirming Petitioner's convictions, the Arizona Court of Appeals wrote:

> While there may have been no direct testimony as to the specific weight of the cocaine found in defendant's vehicle, the cocaine itself was admitted into evidence and placed before the jury in two bags. The jury could see the amount of cocaine. In addition, the jury was allowed to take the cocaine into the jury room for examination and could therefore feel its weight.
>
> Furthermore, the jury heard other evidence that, when combined with the package of cocaine, could reasonably permit the inference that defendant transported the cocaine for sale. Defendant was in a rental car rented by a third person who was

1    not present. Defendant gave the officer conflicting stories
2    regarding his destination. ... Defendant hesitated when he was
     asked how he would return to California. When he finally
3    explained that he would fly, defendant admitted that he had no
     plane ticket or other flight arrangements. ... defendant had few
4    clothes in his luggage and had $387 in his wallet but no credit
     cards. When the cocaine was found by the officer, defendant
5    twice stated that it was his nephew's. Finally, defendant was
     transporting the cocaine to an area where it could nearly triple
6    in value.

7    (Ex. Z, p. 11-12.)

8        The reasoning of the Arizona Court of Appeals cannot be considered an objectively

9    unreasonable application of *Jackson*. The totality of the evidence permits findings that (1)

10   the amount of cocaine exceeded nine grams; and (2) Petitioner transported cocaine for sale.

11   Because the jury could view and hold the cocaine, it could find the cocaine exceeded nine

12   grams, even though jurors heard no testimony to that effect. Also the elements of the offense

13   of transportation of cocaine for sale did not require the jury to find that Petitioner knowingly

14   transported cocaine for sale. The jury needed only to find that Petitioner knowingly imported

15   cocaine into Arizona. The state court considered all key arguments by Petitioner, and the

16   court did not fail to give appropriate weight to any evidence. Because the Court of Appeals

17   did not make an objectively unreasonable application of *Jackson*, the Arizona Court of

18   Appeals decision was not an unreasonable application of federal law, and habeas relief may

19   not be granted on this basis.

20

21       Because the Court of Appeals decision on Ground II is not contrary to, or an

22   unreasonable application of, clearly established Supreme Court precedent, a federal court

23   only may grant habeas relief if the Court of Appeals reached its decision through an

24   unreasonable determination of the facts in light of the evidence presented in the State court

25   proceeding. 28 U.S.C. § 2254(d) (2000). However, a court conducting review under *Jackson*

26   makes no "determination of the facts" in the ordinary sense of resolving factual disputes.

27   *Sarausad*, 479 F.3d at 678.  Instead, the court views the evidence in the light most favorable

28   to the prosecution without resolving any disputed factual questions. *Id.* The court's task

under AEDPA in reviewing a state court's holding applying *Jackson* is not to decide whether the state court unreasonably determined disputed facts. *Id.* As a result, a federal habeas court cannot review whether a state court made an unreasonable determination of the facts in light of the evidence as to Ground II. Because the decision of the Arizona Court of Appeals was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; and because a federal habeas court cannot decide if Ground II was  based on an unreasonable determination of the facts in light of the evidence presented in a state court proceeding, this court cannot grant habeas relief on the merits for Ground II under 28 U.S.C. § 2254.

**V.      RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed January 27, 2005. (*Docket No. 4.*)

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 04-2816-PCT-DGC(JM).** Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 7th day of August, 2007.

_____
Jacqueline Marshall
United States Magistrate Judge